IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| STEWART WHITE,<br><br>                              Plaintiff,<br><br>v.<br><br>THE HOME DEPOT, HOME DEPOT U.S.A., INC.,<br><br>                              Defendants. | NO. 3:21-cv-5830<br><br>DEFENDANTS' NOTICE OF REMOVAL<br><br>JURY DEMAND OF TWELVE |

**TO:    Clerk of the United States District Court for the Western District of Washington at Tacoma:**

Please take note that Defendants Home Depot U.S.A., Inc. and The Home Depot, Inc. (hereinafter "Home Depot") hereby removes to this Court the State action described below in accordance with 28 U.S.C. §§ 1332, 1441, and 1446.

//

//

DEFENDANTS' NOTICE OF REMOVAL
(CAUSE NO. 3:21-cv-5830 – Page 1

**HOLT WOODS & SCISCIANI LLP**
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

## I.   STATE COURT ACTION

1. The State Court action to be removed *Stewart White v. Home Depot U.S.A., Inc. and The Home Depot*, Cowlitz County Washington Superior Court No. 21-2-00083-08. (Plaintiff's Complaint – **Exhibit A**).

## II.   TIME FOR REMOVAL

2. Plaintiff filed his action in Cowlitz County Superior Court on or about February 5, 2021.  The Complaint did not include an amount of damages alleged; however, for the first time, Plaintiff informed Home Depot on October 25, 2021, by way of discovery responses, that Plaintiff's alleged damages exceed $75,000 (*See Declaration of Kelsey L. Shewbert,* ¶3.) Home Depot therefore has until November 24, 2021, or thirty days from which it was first ascertained that the case is one which has become removable to this Federal District Court by an amended pleading, motion or other paper to remove this matter. 28 U.S.C. § 1446(b)(3).

## III.   BASIS FOR REMOVAL

3. A party may seek removal of a State Court action where the amount in controversy exceeds $75,000 and the action is between citizens of different states.  28 U.S.C. § 1332(a)(1).

**A.   Amount in Controversy**

4. Where it is not factually evident from the complaint that the amount in controversy exceeds $75,000, the moving party is to show, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirement. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

DEFENDANTS' NOTICE OF REMOVAL
(CAUSE NO. 3:21-cv-5830 – Page 2

HOLT WOODS & SCISCIANI LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA  98101
P: (206) 262-1200  F: (206) 223-4065

5. The preponderance of the evidence standard was recently re-affirmed in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758.  According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, "the defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16.

6. It is "facially apparent" from the nature of the claims alleged, and more likely than not from the types of damages sought, that the amount in controversy exceeds $75,000, exclusive of interests and costs.  See *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Del Real v. HealthSouth Corp.*, 171 F. Supp. 2d 1041, 1043 (D. Ariz. 2001) (where state court complaint does not specify amount in controversy, removing defendant need only provide evidence establishing that it is more likely than not that the amount in controversy exceeds the federal jurisdictional requirements; to determine subject matter jurisdiction, the court may entertain extrinsic evidence, weigh evidence, and if necessary resolve factual disputes); see also *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d

DEFENDANTS' NOTICE OF REMOVAL
(CAUSE NO. 3:21-cv-5830) – Page 3

HOLT WOODS & SCISCIANI LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA  98101
P: (206) 262-1200  F: (206) 223-4065

272, 296 (S.D.N.Y. 2001) (concluding that complaint "obviously asserts a claim exceeding $75,000" where plaintiff seeks damages for alleged "serious and life-threatening medical conditions" due to use of prescription medicine); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (holding it facially apparent that the amount in controversy was met in slip-and-fall case by allegations of injuries to wrist, knee, patella, and back, and alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement).

7. Plaintiff alleges that, on or about April 29, 2018, while resting against the riding lawn mower, an employee of Home Depot pushed a heavy bar-b-que into Plaintiff's left hip area at a high rate of speed. Ex. A ¶3.4. Plaintiff alleges that as a result, he suffered mental, physical and emotional distress; pain and suffering; loss of joys and amenities of life; inconvenience; disability and loss of society and companionship. Ex. A ¶4.1.1. Plaintiff also alleges damages including medical expenses of all kinds and mileage expenses associate with medical treatment. Ex. A ¶4.1.2.

8. Furthermore, on October 25, 2021, Plaintiff responded to Home Depot's discovery requests and alleged a total of $250,000 in general damages, an unknown amount for future medical expenses, and $33,903 in past medical expenses. *See Declaration of Kelsey L. Shewbert,* ¶3.

9. Attorneys' fees and costs of suit may be considered when determining if the amount in controversy exceeds $75,000 for purposes of establishing diversity jurisdiction.

DEFENDANTS' NOTICE OF REMOVAL
(CAUSE NO. 3:21-cv-5830) – Page 4

HOLT WOODS & SCISCIANI LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

*Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943). Plaintiff seeks an award for Plaintiff's' costs and reasonable attorney fees. Ex. A.

10. Therefore, it is apparent from Plaintiff's discovery responses that he is alleging damages in excess of $75,000.

### B. Diversity of Citizenship

11. This is a personal injury action arising from damages allegedly sustained by Plaintiff while shopping at a Home Depot store in Long View, Washington.

12. Plaintiff's Complaint states that Plaintiff is a resident of Cowlitz County, Washington, and therefore is a Washington citizen. Ex. A, ¶II.

13. Defendant Home Depot U.S.A., Inc. is a corporation incorporated in the State of Delaware with its principal place of business in the State of Georgia. *See Declaration of Kelsey L. Shewbert,* ¶4. For the purpose of removal based on diversity jurisdiction, Home Depot U.S.A., Inc. is a citizen of the states of Delaware and Georgia. 28 U.S.C. § 1332(C)(1); *Hertz Corp v. Friend*, 559 US 77 (2010).

14. Defendant The Home Depot, Inc. is a corporation incorporated in the State of Delaware with its principal place of business in the State of Georgia. *See Declaration of Kelsey L. Shewbert,* ¶5. For the purpose of removal based on diversity jurisdiction, The Home Depot, Inc. is a citizen of the states of Delaware and Georgia. 28 U.S.C. § 1332(C)(1); *Hertz Corp v. Friend*, 559 US 77 (2010).

### IV. REQUIRED DOCUMENTS

15. Home Depot will promptly file a copy of this Notice with the Clerk of the Cowlitz County Superior Court and will give written notice to all adverse parties. 28 U.S.C.

DEFENDANTS' NOTICE OF REMOVAL
(CAUSE NO. 3:21-cv-5830) – Page 5

HOLT WOODS & SCISCIANI LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

§ 1446(d).

16. Within fourteen days of this Notice, Home Depot will file with the District Court of Washington black-on-white copies of all additional records and proceedings in the State Court, together with counsel's verification that these are true and complete copies of all records and proceedings if there are additional documents which were not filed with this notice of removal.  Local Rule W.D. Wash. 101(c).

17. In accordance with 28 U.S.C. § 1446(a) and Local Rule W.D. Wash. 101(b)-(c), attached are the following documents which have been served on Home Depot: **Exhibit A** – the Complaint; **Exhibit B** – Summons; **Exhibit C** – Notice of Appearance; **Exhibit D** – Case Information Cover Sheet; and **Exhibit E** – Defendants' Answer to Plaintiff's Complaint.

### V.  JURY DEMAND

18. As permitted by Fed. R. Civ. P. 38, Fed. R. Civ. P. 81(c)(3), and Local Rules 38(b) and 101(e), Home Depot demands a jury of twelve (12).

### VI.  INTRADISTRICT ASSIGNMENT

19. This matter should be assigned to the Tacoma Division, as the alleged events in this matter arose in Cowlitz County and the Complaint alleges that Plaintiff resides in Clallam County, making the Tacoma Division the appropriate venue.  Local Rule W.D. Wash. 3(e).

WHEREFORE, Home Depot requests that the above action, *Stewart White v. Home Depot U.S.A., Inc. and The Home Depot*, Cowlitz County Washington Superior Court No.

DEFENDANTS' NOTICE OF REMOVAL
(CAUSE NO. 3:21-cv-5830) – Page 6

HOLT WOODS & SCISCIANI LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA  98101
P: (206) 262-1200  F: (206) 223-4065

21-2-00083-08, be removed to the United States District Court for the Western District of Washington at Tacoma.

DATED this 10th day of November, 2021.

HOLT WOODS & SCISCIANI LLP

By *s/ Kelsey L. Shewbert*
By *s/ Kaytlin L. Carlson*
   Kelsey L. Shewbert, WSBA No. 51214
   kshewbert@hwslawgroup.com
   Kaytlin L. Carlson, WSBA No. 52606
   kcarlson@hwslawgroup.com
Attorneys for Defendants

DEFENDANTS' NOTICE OF REMOVAL
(CAUSE NO. 3:21-cv-5830) – Page 7

**HOLT WOODS & SCISCIANI LLP**
701 PIKE STREET, SUITE 2200
SEATTLE, WA  98101
P: (206) 262-1200  F: (206) 223-4065

<u>CERTIFICATE OF SERVICE</u>

I certify under penalty of perjury under the laws of the State of Washington, that the following is true and correct:

I am employed by the law firm of Holt Woods & Scisciani LLP.

At all times hereinafter mentioned, I was and am a citizen of the United States of America, a resident of the State of Washington, over the age of eighteen (18) years, not a party to the above-entitled action, and competent to be a witness herein.

On the date set forth below I served the document(s) to which this is attached, in the manner noted on the following person(s):

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| **CO /Plaintiff**<br>David A. Nelson<br>Nelson Law Firm, PLLC<br>1717 Olympia Way, Ste 204<br>Longview, WA 98632<br>dave@lighthouselaw.com | ☒ **Via U.S. Mail**<br>☒ **Via E-Mail**<br>☐ **Via Messenger Service**<br>☐ **Via Court E-Service** |
| Cowlitz County Superior Court<br>HALL OF JUSTICE<br>312 SW First Avenue<br>Kelso, WA 98626 | ☒ **Via U.S. Mail**<br>☐ **Via E-Mail**<br>☐ **Via Messenger Service**<br>☐ **Via Court E-Service** |

DATED this 10th day of November, 2021 in Seattle, Washington.

*s/Christie Kramer*
Christie Kramer, Legal Assistant

DEFENDANTS' NOTICE OF REMOVAL
(CAUSE NO. 3:21-cv-5830) – Page 8

**HOLT WOODS & SCISCIANI LLP**
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065